IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYNN R. ZIOLA,<br>         Plaintiff, | CASE NO. _____ |
| vs. | |
| CENTRAL NEBRASKA<br>REHABILITATION SERVICES,<br>         Defendant. | COMPLAINT |

Plaintiff, Lynn R. Ziola, by and through her attorney, Hunter A. H. Campbell, complains of Defendant, Central Nebraska Rehabilitation Services, as follows:

**JURISDICTION**

1. Plaintiff, at all times relevant to this action, was a citizen of the United States and a resident of the City of Grand Island, County of Hall, State of Nebraska.

2. At all times alleged herein and upon information and belief, the Defendant, Central Nebraska Rehabilitation Services, was doing business in the State of Nebraska.

3. Plaintiff brings this action to redress violations, by the Defendant, Central Nebraska Rehabilitation Services, of her rights under the laws of the United States and the State of Nebraska.

4. This is an action brought pursuant to Section 48-1004 of the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, the Age Discrimination in Employment Act of 1967 as Amended, and Section 48-1104 of the Nebraska Fair Employment Practice Act.

5. This is also an action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621-634 (2000) and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, etc.

6. At all times relevant to this Complaint, Defendant intentionally engaged in illegal conduct which deprived Plaintiff of her rights, privileges, and immunities secured to her by the Acts identified in paragraph 4 and paragraph 5 above.

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 1343(3), which confers original jurisdiction on federal courts in suits to redress the deprivation of rights, privileges, and immunities as stated herein. Plaintiff invokes the pendent jurisdiction of this court to hear her state law claims.

8. At all times relevant to this Complaint, Defendant intentionally failed to comply with its duty as that duty is defined by the laws of the State of Nebraska, and the laws of the United States.

9. Plaintiff received a Right to Sue letter on June 12, 2006. Said document is attached hereto as Exhibit A.

**FACTS**

10. Plaintiff was hired by the Defendant on or about August 20, 1995, and employed as a Physical Therapy Technician.

11. Plaintiff worked as a Physical Therapy Technician for approximately eight years. Plaintiff's job duties included performing job-related tasks that involved sitting, standing, applying hot/cold packs, ultrasound treatments, and light massages.

12. On or about February 15, 2002, Plaintiff began experiencing persistent numbness in her right hand. Later, from a treating physician, Plaintiff learned she had developed carpal tunnel syndrome in both her right and left hands.

13. On or about February 21, 2002, Plaintiff had carpal tunnel surgery on her right hand. Shortly thereafter, following her return to work after this surgery, Plaintiff was encouraged by her supervisor to begin performing aggressive massages, even though that particular task was not a job requirement Physical Therapy Technicians were required to perform.

14. On or about March 10, 2003, Plaintiff again experienced substantial pin in her left hand. Plaintiff's supervisor told her that Defendant would get her hand fixed during the summer

2

months when Defendant normally employed college students on a part-time basis to assist the business.

15. On or about September 15, 2003, Plaintiff was transferred to the Rehabilitation Department at Saint Francis Medical Center. Plaintiff remained an employee of Defendant but did work in a different location. Plaintiff was replaced in her former position by a person under 40 years of age.

16. In the Rehabilitation Department, Plaintiff was trained to perform work-related tasks in wound care, patient exercise, updating employee files to prepare for Joint Commission Inspections, assisting physical therapists and physical therapy assistants with inpatient mobility, lifting, and walking patients.

17. On or about March 20, 2004, a director at the Rehabilitation Department, Plaintiff's Supervisor, asked her to provide her doctor's opinion defining Plaintiff's weight lifting restrictions.

18. On or about March 22, 2004, Plaintiff presented her supervisor with a note stating that Plaintiff could lift no more than 35 pounds.

19. On or about January 10, 2005, the Rehabilitation Department at the hospital was moved to a different location and Plaintiff was given additional job duties to perform. Her new responsibilities included reorganizing files, faxing letters, scheduling tests for speech therapists, and driving to and from the clinic to deliver and pickup mail and other supplies.

20. On or about February 18, 2005, Defendant fired Plaintiff. Plaintiff was told her job was being eliminated because the company was downsizing. Plaintiff was also informed by Defendant that because she could no longer give aggressive massages and because she was unable to lift patients at the hospital, they were unable to offer her any other position.

21. A week subsequent to Plaintiff's firing, a woman under the age of 40 replaced Plaintiff. This individual had been hired by Defendant years earlier to perform office work only. In her new position, this individual who replaced Plaintiff did not have to perform any job responsibilities physical therapy technicians performed.

22. In the weeks immediately subsequent to Plaintiff's termination, Defendant advertised for and hired three new physical therapy technicians.

23. At no point in time did Plaintiff receive any type of written warning that her job performance was not acceptable or did not conform to Defendant's expectations.

24. Plaintiff, prior to her firing, was never provided with an employee handbook.

25. Plaintiff requested and did not receive a written explanation from Defendant setting forth the reason or reasons for her termination.

26. At the time of her termination, Plaintiff received approximately $10.00 per hour.

## FIRST CAUSE OF ACTION: EMPLOYMENT RIGHTS

27. Plaintiff incorporates paragraphs 1-26 above herein by reference.

28. Defendant, without authorization of law, willfully, knowingly, purposely, and with specific intent deprived Plaintiff of her rights as protected by the Age Discrimination in Employment Act 29 U.S.C. § 621-634 (2000) by acting to fire Plaintiff. Said termination violated Plaintiff's rights as incorporated in the Age Discrimination in Employment Act by firing Plaintiff for reasons related to Plaintiff's age. Plaintiff's termination was for reasons unrelated to her job performance or a reduction in force.

## SECOND CAUSE OF ACTION

29. Plaintiff incorporates paragraphs 1-28 above herein by reference.

30. Defendant, without authorization of law, willfully, knowingly, purposely, and with specific intent deprived Plaintiff of her rights as protected by the Americans with Disabilities Act of 1990, by acting to fire Plaintiff. Said termination violated Plaintiff's rights as incorporated in the Americans with Disabilities Act of 1990, namely firing Plaintiff for reasons related to Defendant perceiving Plaintiff to have a physical disability limiting a major life activity.

## THIRD CAUSE OF ACTION

31. Plaintiff incorporates paragraphs 1-30 above herein by reference.

32. Defendant, without authorization of law, willfully, knowingly, purposely, and with specific intent deprived Plaintiff of her rights as protected by Section 48-1004 of the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age and Section 48-1104 of the Nebraska Fair Employment Practice Act. Said termination violated Plaintiff's rights as incorporated in Section 48-1004 of the Nebraska Act Prohibiting Unjust Discrimination In Employment Because of Age and Section 48-1104 of the Nebraska Fair Employment Practice Act, namely firing Plaintiff for reasons related

to Plaintiff being over the age of 40 and Defendant perceiving Plaintiff to have a physical disability limiting a major life activity.

## DEMAND FOR RELIEF

33. As a result of the foregoing acts initiated and completed by Defendant, and without authorization of law, Defendant willfully, knowingly, purposely, and with specific intent deprived Plaintiff of her rights as protected by the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990, the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, and the Nebraska Fair Employment Practice Act, Plaintiff has sustained ongoing injury, humiliation, loss of enjoyment of life, severe emotional distress, and embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. A Declaration that the acts of Defendant alleged above violated laws of the United States and the Constitution and laws of the State of Nebraska.

B. An award to Plaintiff by Defendant of compensatory and punitive damages for the violation of said rights.

C. An award of costs, including reasonable attorney fees, to Plaintiff.

D. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury to be held in Lincoln, Nebraska.

Dated this 6th day of September 2006.

LYNN R. ZIOLA, Plaintiff

By: /S/ Hunter A. H. Campbell
Hunter A. H. Campbell, #19924
Campbell Law Office
253 South Locust Street
PO Box 517
Grand Island NE 68802-0517
308-384-6464