| EEOC Form 161 (3198) | u.s. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

To: Lynn R. Ziola
1925 W 11th Ave
Grand Island, NE
68803

From: St Louis District Office - 560
Robert A. Young Bldg 1222
Spruce Street
Saint Louis, MO 63103

☐  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.   EEOC Representative   Telephone No.

Joseph J. Wilson,
32E-2005-00656 Investigator   (314) 539-7816

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. ☐

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS (See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*/s/ Joseph J. Wilson*
James R. Neely, Jr.,
Director

June 7, 2006
(Date Mailed)

Enclosures(s)

cc:
Randy Stevenson 1500
Woodmen Tower
Omaha, NE 68102

Hunter A. Campbell
POBox 517
Grand Island, NE 68802

'EXHIBIT
I A

Enclosure with EEOC
Form 151 (3/98)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAws ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 - *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice, if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need help in finding a lawyer, you may call (314) 539-7911 in St. Louis, (913) 551-5846 in Kansas City, or (405) 231-5349 in Oklahoma City. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | NEB 1-04/05-5-35643-R |
| ☒ EEOC | NEB 1-04/05-5-35644-R |

Nebraska Equal Opportunity Commission and EEOC
*State or local Agency, if any*

**NAME** (indicate Mr. Ms. Mrs): Ms. Lynn R. Ziola
**HOME TELEPHONE** (Include Area Code): 308-382-6034
**STREET ADDRESS**: 1925 W. 11th Ave., Grand Island, NE, 68803
**DATE OF BIRTH**: 03-16-1962

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

**NAME**: Central Nebraska Rehabilitation Services, LLC, d/b/a Grand Island Physical Therapy and Sports Clinic
**NUMBER OF EMPLOYEES, MEMBERS**: B
**TELEPHONE** (Include Area Code): 308-382-0344
**STREET ADDRESS**: 3004 W. Faidley Ave., Grand Island, NE, 68803
**COUNTY**: Hall

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 9-03   LATEST: 2-18-05   ☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I. I am forty-three years old (DOB 3-16-62), and I do not have a disability. I do have medical conditions, of which the Respondent was aware. I was employed by the Respondent on or about August, 1995, in a Physical Therapy Tech position, and most recently in a Department Clerk/Secretary/Administrative Assistant position performing Physical Therapy Tech duties as needed at St. Francis Hospital. I was terminated on February 18, 2005.

II. I believe I have been discriminated against on the basis of age and perceived disability, in violation of The Age Discrimination in Employment Act of 1967, as Amended, The Americans With Disabilities Act of 1990, Section 48-1004 of the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, and Section 48-1104 of the Nebraska Fair Employment Practice Act for the following reasons:

1. On or about September, 2003, I was transferred from the CNRS clinic to the Rehabilitation department at St. Francis Hospital. I was replaced in my Physical Therapy Tech position by a new, younger employee (name and age unknown.)

2. The Respondent was aware at the time I was hired of a lifting restriction due to a back injury at my previous employer, and they were aware I had carpal tunnel syndrome in both hands, with surgery to my right hand in 2002. In March, 2004, I was asked to provide documentation of the lifting restriction, which was provided. In September, 2004, I was given a job proposal for my most recent position title of Department Clerk/Secretary/Administrative Assistant that including performing PT Tech duties in times of need, even though the Respondent was aware I could no longer perform aggressive massage.

(Continued on following page)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above ... Feb. 3, 2006 to the best of my knowledge, information...

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME (Day, month, and year)

EXHIBIT

.J

Ziola v. Central Nebraska Rehabilitation Services, LLC, d/b/a Grand Island Physical Therapy and Sports Clinic

Page 2

3. On February 18, 2005, I was told by the Director of Physical Therapy and Skilled Care for St. Francis Hospital, Scott Ericksen, that I was being terminated due to my position being eliminated and downsizing. However, I know of no other employee terminated at or about that time for that reason. Also, after being told of the termination, Mr. Erick3en said because I could no longer do aggressive massage in PT Tech duties due to my hand condition, and because I could not lift hospital patients due to my restriction, there was no position for me.

4. I was replaced in my most recent position title by Stacey Balfour (30's, no known medical conditic;ms). In addition, the Respondent announced the hiring of three PT Techs for the pediatric department shortly after I was terminated (Tiarra Rouse, Jody Leslie, and Ashli Stichnka, ages and medical conditions unknown). I believe the Respondent could have placed me in one of those positions instead of terminating me.